IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LORENZO NEAL BILLINGSLEY,      )
AIS # 188586,                  )
                               )
        Plaintiff,             )
                               )
    v.                         )    CASE NO. 2:26-CV-257-WKW
                               )          [WO]
ASTEN N. NICHOLS, *et al.*,     )
                               )
        Defendants.            )

## **ORDER**

Plaintiff Lorenzo Neal Billingsley, an inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 on April 3, 2026.[1]  (Doc. # 1.)  Along with his complaint, Plaintiff submitted an application for leave to proceed *in forma pauperis* (IFP) (Doc. # 2) and a copy of his prison account statement (Doc. # 3). Based on the financial information submitted by Plaintiff, an initial partial filing fee of $17.26 was assessed on April 20, 2026.  (Doc. # 4 ("April 20 Order").)

On May 18, 2026, Plaintiff's motion requesting to proceed without payment of an initial partial filing fee was received by the court and docketed.  In that motion,

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Plaintiff signed and dated his complaint "4/3/26."  (Doc. # 1 at 4.)  Therefore, under the "prison mailbox rule," Plaintiff's complaint is deemed filed on April 3, 2026, even though it was not received until April 10, 2026.

Plaintiff stated that he could not pay the initial partial filing fee because he does not have any living relatives who can send him the funds.  (Doc. # 5.)  Because Plaintiff essentially was asking the court to reconsider its IFP determination, an Order was issued on May 20, 2026, instructing Plaintiff to resubmit a completed IFP application accompanied by his most recent account statement.  (Doc. # 6 ("May 20 Order").)

On June 4, 2026, Plaintiff's newly completed IFP application (Doc. # 7) and most recent account statement (Doc. # 8) were received by the court and docketed. The newly submitted financial information confirmed that the court's initial IFP determination was correct and also indicated that Plaintiff's initial partial filing fee should have been more than $17.26.  (Doc. # 9 at 2.)  On June 8, 2026, the court issued an Order vacating the April 20 Order and assessing a new initial partial filing fee of $24.43.  (Doc. # 9 ("June 8 Order").)  The June 8 Order set a deadline of June 29, 2026 (Doc. # 9 at 3) and expressly cautioned Plaintiff that his failure to comply with the Order would result in dismissal for failure to prosecute and comply (Doc. # 9 at 6).

After the deadline passed without Plaintiff's payment of the initial partial filing fee, an Order was issued, directing Plaintiff to show cause as to why this action should not be dismissed for his failure to pay the initial partial filing fee assessed in the June 8 Order.  (Doc. # 10 ("June 30 Order").)  The June 30 Order set a deadline of July 14, 2026.  (Doc. # 10 at 3.)  The July 14 deadline has passed, and Plaintiff

has not paid the initial partial filing fee or otherwise responded to the June 30 Order. Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *cert. denied*, --- S. Ct. ----, 2026 WL 1203391 (May 4, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a

3

finding of willfulness or bad faith because its consequences are less severe."
*McNair*, 143 F.4th at 1306.

In this instance, Plaintiff has failed to comply with the June 8 and June 30 Orders, despite their express directives and warnings.  Accordingly, this action will be dismissed without prejudice.  No lesser sanction would be effective.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 23rd day of July, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE